IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FIRST FRANCHISE CAPITAL CORP.,** | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 09-800-KD-B |
| **PRP, INC., et al,** | ) | |
| Defendants. | ) | |

### ORDER

This action is before the Court on the order to show cause why this action against the remaining defendants PRP, Inc. and Jefferson G. Calhoun should not be dismissed without prejudice and the motion to dismiss without prejudice filed by plaintiff First Franchise Capital Corporation. (Docs. 99, 100) Upon consideration, and for the reasons set forth herein, the stay of this action is lifted and this action is **DISMISSED without prejudice** as to defendants PRP, Inc. and Calhoun. Accordingly, the Clerk of the Court is directed to close this action.

Previously, upon *sua sponte* review of its docket, this Court ordered First Franchise to show cause why this action should not be dismissed without prejudice as to PRP, Inc. and Calhoun. (Doc. 99) In response, First Franchise moves the Court to dismiss this action without prejudice on basis that its claims against the remaining defendants may be resolved in their respective bankruptcy actions but dismissal without prejudice is appropriate in that if the claims are not resolved, First Franchise may return to this Court. Therefore, the Court construes the motion as a notice of voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure which provides for voluntary dismissal of an action "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

The automatic stay, in relevant part, operates to stay the continuation of judicial proceeding against the debtor. 11 U.S.C. § 362(a)(1). The automatic stay also serves two primary purposes: To relieve the debtor from the financial expense of litigation during the bankruptcy

proceedings and to protect creditors by preserving the debtor's estate. *Carver v. Carver,* 954 F.2d 1573, 1576 (11th Cir.1992). Generally, the automatic stay does not prevent dismissal of an action against a debtor, so long as the dismissal is not inconsistent with the purpose of the automatic stay. *Settles v. Commissioner of Internal Revenue*, 138 T.C., No. 19, 2012 WL 1605350, *3 (U.S. Tax Ct. May 8, 2012) (citing *Arnold v. Garlock Inc.*, 288 F.3d 234 (5th Cir.2002); *Slay v. Living Ctrs. E., Inc.*, 249 B.R. 807 (S.D.Ala. 2000); *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F.Supp. 226 (S.D.N.Y. 1994)).[1] Because dismissal of this action would relieve defendants PRP, Inc. and Calhoun of the expense of litigation during the bankruptcy proceedings and preserve to all creditors any assets that would be subject to a potential recovery in this action, dismissal without prejudice of this litigation is not inconsistent with the purposes of the automatic stay. Therefore, this action is **dismissed without prejudice** as to the remaining defendants PRP, Inc. and Calhoun.

**DONE** and **ORDERED** this the 11th day of December, 2012.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

1  *See also Independent Union of Flight Attendants v. Pan American World Airways, Inc.,* 966 F.2d 457, 459 (9th Cir. 1992) (finding automatic stay did not preclude disposing of a motion to dismiss a bankruptcy appeal); *Dennis v. A.H. Robins Co., Inc.*, 860 F.2d 871, 872 (8th Cir. 1988) (holding that the § 362(a) stay does not "preclude another court from dismissing a case on its docket or ... affect the handling of a case in a manner not inconsistent with the purpose of the automatic stay."); *Gallagher v. Sports Publishing, LLC*, 2009 WL 294400 (C.D. Ill. February 4, 2009) (AA Rule 41 dismissal does not violate the automatic stay because the purposes of the Bankruptcy Code are in no way infringed by dismissal of the action against the bankrupt party without any additional cost or risk to the bankruptcy party or its creditors@) (citations omitted).